UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**RODNEY G. HAWORTH,**
    **Plaintiff,**

**v.**
                                         Case No. 3:08cv514/MCR/MD

**ANCHORS REALTY OF SOUTH
WALTON, INC., et al.,**
    **Defendants**
_____

## PROTECTIVE ORDER

      The initial disclosures and discovery requests in this action have and will require the production of documents containing confidential information of the parties to this action and third parties, which confidential information is protected by the Florida Constitution and various statutes. Regions Bank f/k/a AmSouth Bank ("Regions") particularly notes that it has a legal duty as a financial institution not to disclose nonpublic personal information of its customers to non-affiliated third parties, except under certain exceptions including response to judicial process under an appropriate court order. *See* 15 U.S.C. § 6801, *et seq.*; 16 C.F.R. § 313, *et seq.* The materials at issue here include but are not limited to loan applications, credit reports, tax filings, financial account statements, and other documents considered by Regions in order to make financing determinations or otherwise serve its customers. Other parties have similar duties or interests to protect the confidentiality of such information. In addition, the producing parties may well have documents that are relevant but which are protected as Trade Secrets pursuant to section 812.081, Florida Statutes (2007).

This court, having considered the arguments of counsel, the confidential nature of much of the information relevant in this case, and in the interest of judicial economy, finds that a protective order is in the interests of justice.  Accordingly, it is

ORDERED as follows:

1. The parties and any person (including business entities and non-parties) (collectively referred to as "Producing Persons") may designate as confidential material all or any part of documents produced by them in response to any requests for production of documents (whether by requests for production under the rules of procedure, subpoena duces tecum, or any other means permitted or required by the Federal Rules of Civil Procedure).  Producing Persons agree that the designation of material as confidential shall be made by them only after a bona fide determination that the material is in fact personal or private information of the Producing Persons, the Producing Persons' vendors, customers, clientele, guests, or other third parties, or is protected as Trade Secret.  Such material is referred to herein as "Confidential Material."

2. The designation of Confidential Material shall be made by placing or affixing on the material in a manner which will not interfere with its legibility the words "**CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER**" or words to that effect.  The designation shall be made prior to, or contemporaneously with, production or disclosure of that material.

3. Absent further order of this court, material or information designated as confidential under this protective order shall not be used or disclosed by the parties, or their counsel or any person acting on their behalf, to any other persons except as provided for hereinafter, or for any other purposes whatsoever other than the preparation and trial of this action and any appeal herein.

4. Counsel for the parties shall not disclose or permit the disclosure of any material or information designated as confidential under or pursuant to this protective order to any other person or entity, except in the following circumstances:

(a) Disclosure may be made to the parties' counsel and employees of counsel for parties who have direct functional responsibility for assisting in the preparation

and trial of this action or any appeal herein. Any employee to whom disclosure is made shall be advised of, shall become subject to, and shall agree in advance of disclosure to the provisions of this protective order requiring that the material and information be held in confidence. To the extent such disclosure is made, the persons referred to in this subparagraph shall be advised of, shall become subject to, and shall agree in advance of disclosure to, the provisions of this protective order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

      (b)    Disclosure may be made to consultants or experts, their agents and/or employees (hereinafter, "expert"), employed by the parties or their counsel to assist in the preparation and trial of this litigation. Prior to disclosure to any expert, the expert must agree to be bound by the terms of this protective order by executing the Confidentiality Agreement annexed hereto as Exhibit "A." A copy of each executed Confidentiality Agreement shall be maintained by the party retaining the expert.

      (c)    Disclosure may be made to the named parties to the extent required for assisting in the preparation and trial of this action or any appeal herein. To the extent such disclosure is made, the named parties shall be advised of, shall become subject to, and in advance of disclosure shall agree to, the provisions of this protective order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

      (d)    Disclosure may be made to court officials involved in the action, including court reporters and persons operating video recording equipment at deposition. To the extent such disclosure is made, the persons referred to in this subparagraph shall be advised of, shall become subject to, and in advance of disclosure shall agree to, the provisions of this protective order requiring that the material and information be held as confidential and shall execute the Confidentiality Agreement annexed hereto as Exhibit "A."

      (e)    Disclosure may be made during depositions and a deponent may be examined regarding the contents of any confidential documents and such documents may be attached as an exhibit, provided however that those portions of the deposition of and

concerning matters relating to the confidential documents shall be sealed as provided in Paragraph 8.

5. Counsel for the parties shall keep all material or information designated as confidential which is received under this protective order within its exclusive possession and control, except as provided hereinafter in paragraph 6, and shall immediately place such material and information in a secure facility. Except as provided in Paragraph 4 above, no person shall have access to the foregoing facility. Any hard copies generated from the electronic media protected by this protective order shall be treated in the same way they would be treated under this protective order if they were originally produced in hard copy. All persons who use or review such electronic media or hard copies thereof shall be instructed to comply with the provisions of this protective order. Any party printing hard copies from the electronic media and those using hard copies outside the party's own offices shall mark the hard copies as "**CONFIDENTIAL: SUBJECT TO PROTECTIVE ORDER.**"

6. Any person having access to material or information designated confidential under this protective order shall not make copies, extracts, summaries, or descriptions of the material or information or any portion thereof, except for copies, extracts, summaries, or descriptions furnished by or to the parties' counsel in the preparation and trial of this litigation. Such copies, extracts, summaries, or descriptions shall be designated "**CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER**" and shall be treated as confidential pursuant to this order.

7. Material or information claimed to be confidential that is subject to a dispute as to whether it is in fact confidential material or information shall, until further order of the court, be treated as confidential in accordance with the provisions of this protective order.

8. If, during trial or in connection with any motion or other proceeding, any party intends to offer into evidence any Confidential Material or pleading reciting or incorporating Confidential Material, such Confidential Material or pleading shall be submitted in a sealed envelope with the designation "**CONFIDENTIAL:  SUBJECT TO PROTECTIVE ORDER**" and any proceedings involving disclosure of the same shall be held in camera.  The

requirements of this paragraph shall not operate to preclude presentation or use of such evidence during trial, unless by further order of this court.

9. Upon final termination of this action, whether by judgment, settlement, or otherwise, counsel shall return to counsel for the producing person all materials and all copies thereof in their possession or subject to their control (including but not limited to materials furnished to consultants and/or experts) that was designated by Producing Persons as Confidential Material in accordance with this protective order.

10. The provisions of this order are without prejudice to the right of any party or producing persons to file a motion with this court challenging the propriety of the confidential designations or any other aspect of the application of this order.

DONE AND ORDERED this 27th day of January, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT "A"

Confidentiality Agreement

AFFIDAVIT

STATE OF _____

COUNTY OF _____

    Before me personally appeared _____ who states under oath:

    1.  Affiant is a non-party individual, or an employee of Party _____, or of non-party _____, or has been retained by _____ in connection with the matter of *Rodney G. Haworth v. Anchors Realty of South Walton, Inc., et al.*, Case No. 3:08cv514-MCR/MD (this "Case").

    2.  Affiant has been provided with a copy of the Protective Order entered by the Court in this Case (the "Protective Order").

    3.  Affiant will be provided access to certain Confidential Material covered by the Protective Order, which access is necessary to the rendering of advice or for pre-trial or trial preparation.

    4.  Affiant agrees to be bound by the terms of the Protective Order as if Affiant were a signatory thereto, and agrees that the Confidential Material shall not be discussed or disclosed to anyone other than counsel for the parties.  Affiant further understands the terms of the Protective Order and agrees upon threat of penalty of contempt, to be bound by such terms.  Affiant further agrees that any and all copies of the Confidential Material shall be returned to counsel when access is no longer necessary to the rendering of advice for pre-trial or trial preparation.  In no event will the documents be retained beyond the conclusion of this Case.

                                                                 _____
                                                                 Affiant, _____

The foregoing instrument was acknowledge before me this ____ day of _____, 200__, by _____, who is personally know to me/has produced _____ as identification.

                                                                 Notary Public - State of _____
                                                                  Commission Number